HALE. The MARY. See Case No. 9,213.

HALE. The SYLVESTER. See Case No. 13,712.

## Case No. 5,918.

### In re HALEY.

[2 N. B. R. 36 (Quarto, 13).] [1]

District Court, N. D. Alabama. 1868.

BANKRUPTCY—PROOF OF DEBTS—NON-RESIDENT CREDITORS.

A deposition in support of a claim is not properly a proof of a debt. Debts due by the bankrupt to resident creditors must be proved before one of the registers of the court of the home district. Debts due to non-resident creditors must be proved before any register or commissioner of the court in any district other than that in which proceedings in bankruptcy are pending. Commissioners of the circuit court of the United States are not authorized to take proofs of debts due to creditors residing in district where proceedings are pending.

[Cited in Re Merrick, Case No. 9,463.]

On the 8th day of May, 1868, Daniel Johnson, a creditor of the bankrupt, presented to the register a deposition in proof of his debt, with security, taken and certified to by William T. Price, one of the commissioners for the circuit court for the judicial district of Northern Alabama, in which district the proceedings in bankruptcy in this case are being had. The register declined to admit the deposition to the files on account of its not having been taken and certified by a register in bankruptcy of the judicial district "in which the proceedings in bankruptcy were pending," as required by the twenty-second section of the bankrupt act [of 1867 (14 Stat. 527)]. Upon this state of facts the question arose: Can proof of debts against the estate of a bankrupt be made before a commissioner of the circuit court of the United States for the district in which the proceedings in bankruptcy are pending?

By JOSEPH W. BURKE, Register:

It is provided by the twenty-second section of the bankrupt act, that all proofs of debt against the estate of the bankrupt, by or in behalf of the creditors residing within the judicial district where the proceedings in bankruptcy are pending, shall be made before one of the registers in bankruptcy of the court in said district. The intent of the framers of the law is clearly expressed in this

[1] [Reprinted by permission.]

clause, conferring on the registers this authority, and obliging resident creditors to prove their debts before them. Charged as they are with the conduct of the cases, and the administrative duties arising in each, they are properly made the instruments under whose survey and inspection all claims against the estate of a bankrupt are audited and allowed. Those claims are rigidly canvassed, scrutinized and prepared for the final action of the court in their disallowance or admission. The duties of the register in this respect are more judicial in their character than in that of any other duty he is called on to perform or authorized to discharge, and the framers of the law, by investing him alone with the power to take proof of debts against the estate of a bankrupt, within the judicial district in which the proceedings in bankruptcy are pending, doubtless had in view the important consideration that he is presumed to be more familiar with the intrinsic merits of each case, its history, the parties thereto, their respective claims, and the relations they bear towards each other.

It may be inquired why congress did not require that proofs of debts should be made by non-resident creditors before the registers of these districts to the exclusion of any other class of officers. This is fully answered by the reason above stated. The registers and commissioners in the foreign districts are placed on an equal footing on these matters. Objections to the proof cannot be made before or entertained by them. The schedules of the bankrupt are not before them. The amount due, the consideration for, and the nature of the debt, and the circumstances surrounding it, are not matters into which they are bound to inquire beyond the mere statement of the claimant, verified as the form prescribes. Different, very materially, however, is the case when considered in connection with the register of the district in which these proceedings are pending, and in which the creditor resides. What in one case amounts to a deposition, in this assumes the form of a judicial question. Before the admission of any claim against the estate of a bankrupt. two preliminary acts are done: First. The making of the deposition, which is merely formal. Second. The investigation of the claim.

In the case of proofs of debts by non-resident creditors, those acts are performed by two distinct officers. The deposition is made before a register or commissioner of the district in which the creditor resides, and the merits of the proof investigated by the register in charge of the case. The law plainly intends that where it is possible for these two acts to be blended and performed by one officer as a single act, two officers shall not be required. As it is the particular sphere of the register of the district in which the proceedings in bankruptcy are pending, to pass upon those claims, resident creditors are, by the law, referred to him to submit their proofs, and ascertain whether or not they may be allowed. The fact of their being supported by the deposition of the creditors, does not absolutely entitle them to be allowed. Each case must stand on its own particular merits, and it will not be claimed that a commissioner. is competent to reject or allow the debt in the district of the residing creditor, more than the same officer would be in the district of the non-resident creditor. The law prescribes that the claim shall be presented to the register of the district in which the proceedings are pending, canvassed by and passed on by him, and in order that this may be satisfactorily accomplished, the record of the bankruptcy is furnished him, by authority of the law, for his guidance and control. A deposition in support of claim is properly not "a proof of debt." Instances are of almost daily occurrence where those affidavits are rejected for informality, as well as for the failure of the claim itself. The forms are furnished by the supreme court for the guidance of persons requiring to use them, and for the purpose of regularity, uniformity and system. Congress certainly did not intend that where the deposition could be drawn, and the examination of proof be made before the same officer, it would be proper to require the services of two. When a warrant issues, the marshal is directed to serve notices on the creditors of the bankrupt, to appear before the register, on a day appointed. "to prove their debts," &c. On that day the creditor is referred to the register, and, in the language of the form (No. 4,) must "prove his debt," before he has any standing in court.

A close analysis of the language of the twenty-second section will. it is submitted, sustain this view of the case—for while it enacts that all proofs of debts against the estate of the bankrupt, by or in behalf of the creditors residing within the judicial district where the proceedings in bankruptcy are pending, shall be made before one of the registers of the court in said district, "it is equally plain in declaring that the proofs of the debts by non-resident creditors may be made" before any register in bankruptcy within the judicial district where such creditors or either of them reside, or before any commissioner in any district. The sense conveyed in this section, I take to be, that a debt due by the estate of a bankrupt to resident creditor, shall be proved before one of the registers of the court of the home district. while debts due creditors residing in other districts, shall be proved before any register or commissioner in any district other than the one to which the limitation expressed in the first clause refers. If this were not the true meaning of the law, a more concise and simple mode of expression would have been used. conferring on registers and commissioners generally the power

to take proof of debts in their respective districts. Notwithstanding the ambiguity contained in the text of the statute, effect should be given to that construction that comports with reason and law. In the present case an important question arises regarding the validity of the lien claimed by the creditor, which must be investigated, and it is hardly possible that the law requires that two officers are necessary for the performance of the duties arising in the case, where it is more practical and less cumbersome that it be performed by one, and he the one specified in the act. In obliging all creditors of the estate of a bankrupt resident in the district in which the proceedings are pending to submit their claims to a register of the district to examine and audit before proof of the same, we have a simple, well regulated system. To adopt the opposite course will entail delays and harrassing inconvenience not only to the creditor but also to the court.

A timely suggestion from the register in the case, not unfrequently saves creditors much trouble and expense, and those officers are directly charged with the duty of examining the charges presented and perform their duties under the eye of the judge. I think that where it is practicable all creditors should be compelled to submit their demands in the court originally before making solemn oath sustaining the same. I think this is intended by the law, and although some doubts may exist regarding the import conveyed in the wording of the section, effect should be given that construction which is most consistent with reason, and which affords a more concise and effective practice in the administration of the law. It is, therefore, my opinion that the law intends proofs of debts shall be made by creditors residing within the judicial district in which the proceedings in bankruptcy are being held, before one of the registers of the court therein, and that commissioners of the circuit court of the United States are not authorized to take such proofs in that district.

BUSTEED, District Judge. It appears that the creditor, Daniel Johnson, is a resident of the judicial district in which the proceedings are pending. Proof of his debt must be made before a register in bankruptcy exercising his functions within the district. The affidavit before United States Commissioner Price is not a compliance with the twenty-second section of the law of March 2d, 1867. This section, in relation to its present matter, is mandatory. I agree with the conclusions arrived at by Register BURKE, and in the reasons he gives for these conclusions.